Morrison T. Wade v. Commissioner.
Wade v. Commissioner
Docket No. 44082.
United States Tax Court
T.C. Memo 1957-72; 1957 Tax Ct. Memo LEXIS 180; 16 T.C.M. (CCH) 308; T.C.M. (RIA) 57072; May 7, 1957
*180 Held: petitioner is liable as a transferee of the property of Society of Good Neighbors, a corporation, transfeeror, both at law and in equity, for its unpaid taxes, i.e., income tax, declared value excess profits tax, and excess profits tax, for the years 1943-1947, inclusive, plus statutory interest. Robert J. Fetterman, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined against the petitioner liability as transferee of the property of the Society of Good Neighbors, a corporation, for unpaid taxes for the years 1943-1947, inclusive, *181 as are set forth below, all of which total $84,551.94, plus statutory interest: Declared Value
Excess
Income
Excess Prof-
Profits
Year
Tax
its Tax
Tax
1943
$ 1,250.00
$ 1,075.10
$ 1,676.40
1944
2,600.00
4,692.72
17,833.73
1945
2,702.09
5,715.51
23,260.86
1946
10,953.47
none
none
1947
12,792.06
none
none
$30,297.62
$11,483.33
$42,770.99
The sole issue is whether petitioner is liable as a transferee for the unpaid taxes of the Society of Good Neighbors, a corporation. Findings of Fact Petitioner is a resident of Keego Harbor, Michigan. He, and others, organized a corporation, the Society of Good Neighbors (hereinafter called the Society), under the laws of Michigan, as a non-profit corporation in February 1936. Petitioner was its president. In 1939, based upon information submitted by the Society, the respondent ruled that the Society qualified for tax-exempt status as a charitable organization under the provisions of section 101(6) of the Internal Revenue Code of 1939, and prior revenue acts. In 1948, a Grand Jury, appointed pursuant to the provisions of section 17,217 of the Compiled Laws of Michigan for 1929, et *182 sequitur, investigated the operations of the Society. As a result of such investigation, an information containing four counts was filed with the Recorders Court, City of Detroit, charging the petitioner, president of the Society, and his wife, with (1) conspiracy to cheat and defraud, (2) conspiracy to obtain properties by false pretense, etc., (3) gross cheat and fraud, and (4) obtaining property by false pretense, under sections 218, 280 and 505 of the Michigan Penal Code, Act 328 of Public Act of 1931. Among other things, the information charged that the petitioner and his wife defrauded the citizens of the city of Detroit by making false and fraudulent representations that the Society of Good Neighbors was a charitable organization during the period July 1, 1942 to December 31, 1947. Petitioner and his wife were tried in the Recorders Court in Detroit, Michigan, found guilty by a jury, and were convicted. Petitioner was sentenced to Jackson prison for a term of 4 to 5 years on the first two counts of the information, and for 4 to 10 years on the third and fourth counts, sentences to run concurrently. Petitioner's wife was fined and placed on probation for a term of 5 years. *183 Petitioner thereafter was incarcerated in Michigan State prison at Jackson, Michigan, where he is serving his sentence. The respondent made an independent investigation of the Society and as a result thereof, on November 25, 1949, modified the prior ruling made in 1939 and determined that beginning July 1, 1942, the Society did not qualify as an exempt organization under the provisions of section 101(6) of the Internal Revenue Code of 1939. Respondent determined the Society had taxable net income in the amounts set forth below for the years 1943 to 1947, inclusive, and liability for taxes as has been set forth above: Year
Net Income
1943
$ 8,144.73
1944
35,550.89
1945
43,299.31
1946
34,817.87
1947
38,286.89
Statutory notices were mailed to the Society, the transferor, and to the petitioner, as transferee, for the tax liabilities set forth above. The Society and the petitioner filed separate petitions with this Court contesting those determinations. Under Memorandum Findings of Fact and Opinion filed May 7, 1957, this Court found and concluded that the Society was liable for deficiencies in taxes for each of the years 1943-1947, and that none of the *184 deficiencies are barred. The respondent has attempted to collect the deficiencies in taxes from the Society without success. Jeopardy assessments were made by the Commissioner in April and May 1952 against the Society and the petitioner, as transferee, for the full amount of the Society's tax liability for 1943-1947, inclusive, except for $1,500 thereof for 1947, which exception is not material here; the jeopardy assessment for $1,500 will bemade later by the respondent according to his statement at the trial of this case. After the jeopardy assessments were made, notice and demand for payment of the assessments were duly made on the transferor, but payment was neglected or refused. By virtue thereof a lien arose in favor of the United States upon all property and rights to property belonging to the transferor pursuant to sections 3670 and 3671 of the Internal Revenue Code of 1939. Warrants for Distraint were issued and a collection officer was assigned to collect the tax. Notices of liens were duly filed in accordance with section 3672 of the Internal Revenue Code of 1939. All steps taken by respondent to effect collection were futile. All reasonably possible remedies against *185 the transferor have been exhausted. The records of the office of the director of internal revenue for the district of Michigan show that the full amount of the transferor's liability for income, excess profits, and declared value excess profits taxes for the years 1943 to 1947, as previously set forth herein, is still outstanding and unpaid. The record establishes that petitioner appropriated funds of the Society during the years 1943 to 1947, inclusive, in an amount much greater than the Society's tax liability for such period. The funds of the Society were appropriated by petitioner during such years by the issuance of checks of the Society issued payable to petitioner, and of checks of the Society issued payable to payees other than petitioner for petitioner's benefit, in the following amounts: Payable to
others for
Payable to
petitioner's
Annual
Year
petitioner
benefit
total
1943
$ 15,437.61
$ 6,340.22
$21,777.83
1944
42,144.05
14,330.21
56,474.26
1945
39,991.92
9,331.14
49,323.06
1946
41,289.69
23,779.27
65,068.96
1947
29,187.14
8,497.18
37,684.32
Total
$168,050.41
$ 62,278.02
168,050.41
Grand Total
$230,328.43
*186 Petitioner reported adjusted gross income in the following amounts in his returns for the years 1943 to 1947, inclusive: Year
Amounts
1943
$ 6,345.69
1944
12,750.00
1945
13,250.00
1946
13,500.00
1947
15,600.00
$61,445.69
Assuming that all of the petitioner's adjusted gross income of $61,445.69 reported in such years represented compensation from the Society, that such compensation was paid by checks of the Society issued to petitioner, and that such compensation was not excessive, so that the total funds of the Society transferred to petitioner, $230,328.43, should be reduced by the total amount of his compensation, $61,445.69, there remains a total amount of $168,882.74 of gratuitous transfers by the Society to the petitioner during the years 1943 to 1947, inclusive, which exceeded the Society's total tax liability of $84,551.94 for such period The transfer of funds of the Society to the petitioner without consideration is established, also, by an analysis of net worth increase and personal expenditures of petitioner and his wife for the years 1943 to 1947, inclusive, which discloses an excess of net worth increase and personal expenditures over *187 income reported and other receipts of petitioner and his wife, in the following amounts: Year
Amount
1943
$ 4,774.72
1944
20,281.71
1945
29,314.15
1946
125,924.95
1947
46,962.27
Total
$227,257.80
The insolvency of the Society throughout the period 1942 to 1947, inclusive, is demonstrated by the following comparison of its assets and liabilities at the end of each year, including its deficiencies for unpaid taxes: 1942
1943
1944
Assets
$12,322.60
$18,530.51
$12,553.25
Liabilities
17,794.54
18,578.78
19,756.96
Surplus or
(deficit)
per books
(5,471.94)
(48.27)
(7,202.97)
Tax Lia-
bility
0
4,001.50
29,127.95
(Deficit) as
adjusted
(5,471.94)
(4,049.77)
(36,330.92)
1945
1946
1947
Assets
$24,832.30
$34,387.71
$40,037.97
Liabilities
24,749.96
20,634.41
11,675.17
Surplus or
(deficit)
per books
82.34
13,753.30
28,362.80
Tax Lia-
bility
60,806.41
71,759.88
84,551.94
(Deficit) as
adjusted
(60,724.07)
(58,006.58)
(56,189.14)
Opinion The question whether petitioner is a transferee of the property of the Society of Good Neighbors, transferor, and liable for unpaid deficiencies in taxes *188 determined against the Society for the years 1943-1947, plus statutory interest, is decided for the respondent. There was no appearance for the petitioner. Respondent introduced evidence under his burden of proving transferee liability. Section 1119(a), 1939 Code. The respondent sustained his burden of proof by showing that he has attempted to collect the tax from the transferor without success; that property of the Society was transferred to the petitioner without consideration; that the transferor was insolvent at the time of the transfer; and that the value of the property transferred exceeded the transferor's tax liability. See Mertens, Law of Federal Income Taxation, Vol. 9, Sec. 53.45. The petitioner is liable as a transferee for the deficiencies determined against the Society in the total amount of $84,551.94 plus interest as provided by law. Decision will be entered for the respondent.